**Robert J. VOSHELL, and the State of Delaware, Division of Motor Vehicles, Defendants Below, Appellants,**

v.

**Mark T. WINDISH, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted June 16, 1982.

Decided July 19, 1982.

James J. Hanley (Argued), Deputy Atty. Gen., Wilmington, for appellants.

Jeffrey M. Weiner (Argued), of Bayard, Brill & Handelman, P. A., Wilmington, for appellee.

Before McNEILLY, QUILLEN and HORSEY, JJ.

McNEILLY, Justice:

In this case we are called upon to review the power of the Department of Public Safety (Department) to revoke under 21 *Del.C.* § 2732(a)(8)[1] the license or driving privileges of a person tried and convicted in the Alderman's Court of the City of Newark for violation of Municipal Ordinance

---

to the Department [of Corrections] shall have access to any of said records...."

**5.**  29 Del.C. § 10002(d)(6).

**1.**  21 *Del.C.* § 2732(a)(8) provides:

"(a) The Department shall forthwith revoke the license or driving privileges or both of any person upon receiving a record of the conviction of such a person of any of the following crimes:

    \*    \*    \*    \*    \*    \*

**210**

20–12(b).[2] We are satisfied that the Department may not.

Mark T. Windish (Windish) was tried and convicted by the Newark City Alderman for failure to stop at the command of a police officer under City Ordinance § 20–12(b). In accordance with the requirements of 21 *Del.C.* § 703(e)(1),[3] the Newark Alderman's Court notified the Department of Windish's conviction. Upon receipt of the notification, the Department notified Windish that his driving privileges had been revoked for a period of one year pursuant to the provisions of 21 *Del.C.* § 2732(a)(8). Thereupon Windish successfully sought injunctive relief in the Court of Chancery. The Department appeals and argues that since 21 *Del.C.* § 703(e)(1) requires the Alderman's Court to report all convictions and dispositions of moving traffic violations to the State Division of Motor Vehicles, and since 21 *Del.C.* § 4103(b) permits the Department to revoke the driving privileges of persons convicted of failing to stop at the command of a police officer, the Department has the power of revocation for the Municipal Ordinance violation, which is silent as to the possibility of revocation.[4]

We find it unnecessary to reach other issues which may lurk in the wings of this case since we are satisfied that 21 *Del.C.* § 2732(a)(8), upon which the Department

claims its power to revoke in this case rests, clearly limits the power of revocation thereunder to convictions under state law 21 *Del.C.* § 4103(b)). Had the General Assembly intended otherwise it would have so provided.

AFFIRMED.

---

(8) A conviction of attempting to flee or elude a police officer after having received a visual or audible signal from him *as provided in § 4103(b) of this title.*" *Id.* (emphasis added).

2. Section 20–12(b) of the Code of the City of Newark provides:

"(b) Any driver who, having received a visual or audible signal from a police motor vehicle or by a clearly discernable police signal to bring his vehicle to a stop, operates his vehicle in disregard of the signal or interferes with or endangers the operation of the police vehicle or who increases his speed or extinguishes his lights and attempts to flee or elude the police officer, shall be fined for the first offense, not less than five hundred dollars ($500.00) or more than two thousand dollars ($2,000.00) or imprisoned for not less than sixty (60) days nor more than six (6) months, or both. For each subsequent like offense he shall be fined not less than one thousand dollars ($1,000.00) nor more than

three thousand dollars ($3,000.00) and imprisoned not less than sixty (60) days nor more than eighteen (18) months." *Id.*

3. 21 *Del.C.* § 703(e)(1) reads:

"(1) All convictions in said alderman's Court or mayor's Court for moving traffic violations and the disposition of those cases shall become a matter of record to be filed with the State Division of Motor Vehicles. Records of all such convictions shall be forwarded to the Division no later than 10 days after disposition of the case." *Id.*

4. The first sentence of 21 *Del.C.* § 4103(b) reads exactly as the first sentence of the City of Newark Ordinance § 20–12(b). The second sentence continues:

"Upon receiving notice of such conviction the Secretary, at his discretion, may forthwith revoke the operator's or chauffer's license of the person so convicted for a period of 2 years." *Id.* § 4103(b).